UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOSEPH DANIEL HUNTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 17-2044-JDT-cgc |
| | ) |
| ROBERT DENNIS PRESTON, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On January 23, 2017, Plaintiff Joseph Daniel Huntley, who at that time was incarcerated at the West Tennessee Detention Facility (WTDF) in Mason, Tennessee, filed a *pro se* complaint on the form used for commencing actions pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on January 25, 2017, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as WTDF Health Administrator Robert Dennis Preston and Dr. Naved Gill, a physician at the WTDF.

Huntley is a paraplegic. (ECF No. 1 at PageID 2.) His complaint alleges that during his detention at WTDF, he was hospitalized for hip fractures, wounds inflicted by prison staff, and twice for sepsis. (*Id.*) Huntley further alleges that prison staff have denied him

medication and sick call visits with a physician. (*Id.*) Huntley claims he has filled two notebooks documenting the failures of prison staff to meet his needs, including leaving him to lie in his own feces for days at a time. (*Id.*) Huntley's complaint requests release on bond so that he can receive outside medical care and compensation for his pain and suffering. (*Id.* at 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.

R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

The WTDF is a facility operated by a private prison corporation, CoreCivic, which houses federal detainees in the custody of the U.S. Marshals Service, Immigration and Customs Enforcement or Department of Homeland Security. *See* www.corecivic.org/west-tennessee-detention-facility. Though he did not specifically allege his status in the complaint, it appears that Huntley was a federal pre-trial detainee in the custody of the Marshals at the time of the events in this case.[1] Therefore, his claims cannot be brought under 42 U.S.C. § 1983, which applies only to deprivations of constitutional rights

---

[1] On July 25, 2016, a federal grand jury in this district returned a 29-count superseding indictment against Huntley and three co-defendants. *See United States v. Huntley, et al.*, No. 16-cr-10013-JDB (W.D. Tenn.) (ECF No. 37.) Huntley entered a guilty plea on August 17, 2017, *id.* (ECF Nos. 197 & 198), and was sentenced on November 15, 2017. *Id.* (ECF Nos. 218 & 222).

committed by a person acting under color of *state* law. Therefore, his claims arise, if at all, under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971). *Bivens* provides a right of action against federal employees who violate an individual's rights under the United States Constitution. "Under the *Bivens* line of cases, the Supreme Court has recognized a cause of action against federal officials for certain constitutional violations when there are no alternative processes to protect the interests of the plaintiff and no special factors counseling against recognizing the cause of action." *Koubriti v. Convertino*, 593 F.3d 459, 466 (6th Cir. 2010).

Though Huntley was a federal detainee when the events at the WTDF occurred,[2] the prison facility is operated, as stated, by CoreCivic rather than by federal officials. Defendants Preston and Gill were, therefore, presumably employed by CoreCivic. The Supreme Court has held that a *Bivens* action may not be brought against private corporations that operate prison facilities housing federal detainees and convicted prisoners. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001). Therefore, to the extent Huntley intended to assert any claims against the Defendants in their official capacities, such claims are construed as having been brought against CoreCivic and fail to state a valid claim.

---

[2] As stated, *supra* note 1, Huntley was sentenced on November 15, 2017. He is now incarcerated at a Bureau of Prisons facility, the Federal Medical Center in Rochester, Minnesota. Therefore, his request for release on bond so that he can receive outside medical treatment is moot.

4

The Supreme Court also has declined to extend the *Bivens* remedy to actions brought against "privately employed personnel working at a privately operated federal prison" where the allegedly unconstitutional conduct "is of a kind that typically falls within the scope of traditional state tort law." *Minneci v. Pollard*, 565 U.S. 118, 131 (2012). Like Huntley's claims in this case, *Minneci* involved a federal prisoner's claim for lack of adequate medical care against employees of a private prison company. *Id.* at 120. The Supreme Court stated that in such cases, "the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case." *Id.* at 131.

The Court concludes that pursuant to the decision in *Minneci*, Huntley has no plausible *Bivens* damages remedy against the Defendants in their individual capacities.

For the foregoing reasons, Huntley's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001)

("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

In conclusion, the Court DISMISSES Huntley's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Huntley in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Huntley would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Huntley nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds*

by *LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Huntley is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Huntley, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                s/ **James D. Todd**
                                JAMES D. TODD
                                UNITED STATES DISTRICT JUDGE